UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:18-cr-00304 |
| RICHARD N. SCHOTT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending now before the Court is Richard N. Schott's Motion for Early Termination of Supervised Release, (Doc. No. 68), which the Government opposes. (Doc. No. 72). Schott pled guilty to one count of conspiracy to commit healthcare fraud and was sentenced to 33 months imprisonment, followed by a three-year term of supervised release. (Doc. No. 60 at 2–3). For the following reasons, the motion will be granted.

The Court has the authority to terminate supervised release early when a defendant has served at least one year under supervision and, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant § 3553 factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence or protect the public from further crimes by the defendant; (3) the need to avoid unwanted sentencing disparities, and (4) the need to provide restitution. 18 U.S.C. § 3553(a). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior." United States v. Acklin,

38 F. App'x 196, 198 (6th Cir. 2002).[1] Schott is eligible for consideration because he has served 18 months of his 36 months term of supervised release.

Schott's offense of conviction was serious. He orchestrated and supervised a conspiracy to defraud TennCare, Medicaid, and other healthcare entities by falsely representing the dental services he provided to patients. He then engaged in a scheme to cover up his actions by disciplining or terminating employees who questioned his actions. The Court agrees that Schott's conduct was not "a mere lapse in judgment, but a concerted, long-term effort over nearly four and a half years." (Doc. No. 72 at 5–6).

Schott's personal circumstances and history were challenging because he suffered childhood trauma and had an alcoholic and adulterous father who caused him "confusion, distress, and shame." As the Court noted at sentencing, however, he overcame any negative impacts of his childhood by obtaining a doctorate degree and running his own dental practice. (Doc. No. 55-1 at 8).

Since his conviction and incarceration, Schott's behavior has been exceptional because he has engaged in activity not required by the Court and that benefits the public. See United States v. Wren, No. 10-cr-20137, 2022 U.S. Dist. LEXIS 73196, at *2–3 (E.D. Mich. Apr. 21, 2022) (granting early termination where defendant participated in community volunteer work). He has a full-time job, yet spends much of his time volunteering in the community for those who suffer from substance abuse. (Doc. No. 77 at 1–2). Since July 2020, he leads a weekly recovery group

---

[1] Citing to an out-of-circuit case, Schott mistakenly argues that, to secure early termination of supervised release, he need only show "compliant conduct, reduced recidivism risk, and stability." (Doc. No. 68 at 5–6) (citing United States v. Lussier, 104 F.3d 32 (2d Cir. 1997). The Sixth Circuit, however, does not follow Lussier and continues to stress that early termination is reserved only for instances where a defendant shows changed circumstances. See United States v. Bowman, No. 18-1308, 2019 U.S. App. LEXIS 2739, at *7 (6th Cir. Jan. 25, 2019) (citing Atkin, 38 F. App'x at 198).

through River Tree Center under the direction of Dr. David Dodd. (Id. at 1). According to Dr. Dodd, Schott helps the men "do work around feelings, healthy thought processes, taking responsibility in all relationships, and remaining humble before their God." (Id. at 1–2). Dr. Dodd added that some men "drive as far as 50 miles one way to attend" Schott's group, and that he has been "very impressed at [Schott's] continuing zeal for his own recovery, and his ongoing compassion to serve those who continue to seek recovery." (Doc. No. 77-1 at 2).

Schott is also to be commended because he has paid restitution every month, consistently exceeding the court-ordered 10% of his monthly income. To date, he has paid more than $82,000 and has a remaining balance of $873,819.25. (Doc. No. 77 at 1). The Court does not often see defendants pay restitution at all or pay more than is required. See United States v. Dirr, No. 3:08-cr-42-TAV-CCS, 2014 U.S. Dist. LEXIS 1935, at *3–4 (E.D. Tenn. Jan. 8, 2014) (granting early termination where defendant made prompt monthly payments toward an outstanding restitution obligation despite not having paid the full amount, maintained a stable residence and employment, and garnered the support of the Probation Department). Schott's responsibility to make restitution payments will continue even after his supervised release is terminated.

Given the foregoing, the Court finds that the need for supervised release to deter, punish or protect the public is unnecessary. And as the Court noted at sentencing, there is little need for specific deterrence given his age and that the underlying conduct constituted Schott's first felony conviction. (Doc. No. 55-1 at 9).

The Government's concern that Schott may re-apply for his dental license, (Doc. No. 72 at 1, 6), is something for the state licensure board – not this Court – to determine. If he is successful, it offers the opportunity for him to continue his payment of restitution and even if he is not successful his obligation to continue to do so will continue. The limited task before

the court is whether to continue his supervised release for another 18 months. In light of the record before the Court, the Court concludes that Schott has adjusted well after custody, and enjoys both the support of his family and community and most importantly has engaged in conduct over and above what is required of those on supervised release. (Doc. No. 68 at 9). For these reasons, the second factor also weighs in favor of Schott's early termination.

The Court concludes that early termination "is warranted by the conduct of [Schott] and the interest of justice." 18 U.S.C. § 3583(e).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE